# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

RICHARD E. PEARSON (d/b/a
PEARSON SERVICE COMPANY),

    Plaintiff,

v.

CATLIN SPECIALTY INSURANCE
COMPANY, INC., ROGER DALE
GRIFFIS, and H.H. BURNET &
COMPANY INSURANCE AND REAL
ESTATE, INC.,

    Defendants.

CV 514-60

### ORDER

In this case, the ultimate question before the Court is whether Defendant Catlin Specialty Insurance Company may properly remove Plaintiff Pearson's declaratory judgment action from state court. The parties have approached this question from multiple angles, as evinced by the slew of motions ripe for adjudication: Defendant Catlin's Motion to Realign the Parties (Dkt. no. 5); Defendant Catlin's Motion to Dispense of the Bond Requirement (Dkt. no. 6); Defendant Catlin's Motion to Strike Plaintiff Pearson's Amended Complaint (Dkt. no. 12); Plaintiff Pearson's Request for Leave to Amend his Complaint (Dkt.

no. 40); and Plaintiff Pearson's Motion to Remand to State Court (Dkt. no. 41). The Court's ruling on the first motion, though, resolves the removal question: the parties should not be realigned in this case, and therefore the diversity of citizenship required under 28 U.S.C. § 1441(b) is lacking. The case must be remanded to state court, which can properly rule on the remaining motions not mooted by this Order.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Pearson filed the present action on May 12, 2014 in the Superior Court of Ware County, Georgia. See Dkt. no. 1-1. The action seeks a declaratory judgment determining that Defendant Catlin is obligated to both indemnify and defend Plaintiff Pearson in a pending civil action in Ware County State Court. Id. at p. 13.

In the underlying state court action, Plaintiff (in this action) Pearson was sued by Defendant Roger Dale Griffis. Griffis alleges that Plaintiff Pearson negligently used certain chemicals without proper ventilation when repairing an air conditioning unit at Griffis's workplace. Griffis claims that fumes from these chemicals have caused her to become sick and to suffer other injuries. Defendant Catlin, Plaintiff Pearson's insurer, denies that Pearson's policy with Catlin imposes any duty to defend or indemnify Pearson in the underlying lawsuit because, under Catlin's interpretation of the policy, indemnity

and defense for the claims in the underlying lawsuit are barred by the policy's "Total Pollution Exclusion" and because Pearson provided late notice of the claim.

In Plaintiff Pearson's declaratory judgment action, he named both Catlin and Griffis as Defendants, but did not assert any claims against Griffis. Both Griffis and Pearson are Georgia residents, but Catlin is a citizen of Delaware.

Catlin removed this case to federal court on August 13, 2014. See Dkt. no. 1 (Notice of Removal). However, because Griffis, named as a Defendant in the declaratory judgment action, is a Georgia resident, the case lacks the complete diversity necessary for removal under 28 U.S.C. § 1441(b). To overcome this jurisdictional hurdle, Defendant Catlin filed a Motion to Realign the Parties according to their "true" interests on August 14, 2014. Dkt. no. 5.

Four days after Defendant Catlin filed its Motion to Realign, Plaintiff Pearson amended his Complaint to add a new party, Defendant H.H. Burnet & Company Insurance and Real Estate, Inc. Dkt. no. 7. H.H. Burnet is a Georgia company that served as Pearson's insurance broker for the Catlin Policy. Pearson alleges that H.H. Burnet is liable for failure to procure insurance. Also, Pearson claims that, even if the Court realigns Griffis to be a Plaintiff in this action, H.H. Burnet's

presence in this case still precludes the complete diversity necessary for removal under 28 U.S.C. § 1441(b).

On August 27, 2014, Defendant Catlin filed a Motion to Strike Plaintiff Pearson's Amended Complaint. Dkt. no. 12. After a period of briefing on both the Motion to Strike and Motion to Realign, Plaintiff Pearson filed a Motion for Leave to Amend his Complaint (Dkt. no. 40) and a Motion to Remand to State Court (Dkt. no. 41) on October 26, 2014. All of these motions are fully briefed.

**DISCUSSION**

"[F]ederal courts are required to realign the parties in an action to reflect their interests in the litigation. The parties themselves cannot confer diversity jurisdiction upon the federal courts by their own designation of plaintiffs and defendants." City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) (citing City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941)). Conversely, "parties cannot *avoid* diversity by their designation of the parties . . ." Id. (emphasis in original). Rather, lower federal courts must look beyond the pleadings and arrange the parties according to their sides in a dispute, as determined by the "principal purpose of the suit" and "the primary and controlling matter in dispute." Id. at 1313-14. Even where the parties are opposed outside of

the subject action, parties with the same interests in the subject action must be aligned together. Id. at 1314.

Because removal jurisdiction raises significant federalism concerns, "federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Id. at 1313 (quoting Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999)). As the removing party, Catlin "bears the burden of demonstrating federal jurisdiction." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 n.4 (11th Cir. 1998).

Here, the Court must determine the proper alignment of the parties in a declaratory judgment action naming the injured party and the insurer as defendants and the insured as the plaintiff. The parties have thoroughly briefed this issue and have provided an abundance of cases addressing realignment under these circumstances. While the cases often reach different outcomes, those differences usually turn on two primary (and related) considerations: (1) whether the plaintiff seeks a declaration of rights for indemnity and defense in the underlying suit pre- or post-judgment; and (2) whether the plaintiff is seeking a defense or merely indemnity from the defendant insurer.

In Vestavia Hills, the Eleventh Circuit concluded that the plaintiff in the underlying suit, Vestavia Hills, should be

5

realigned with the insured, Cameron Development Corporation, in a declaratory judgment action seeking coverage from the insurer, General Fidelity Insurance Co. Vestavia Hills, 676 F.3d at 1315. Because Vestavia Hills had already won its judgment against Cameron, the court held that "[t]here is *no longer* any dispute between Vestavia Hills and Cameron, and the only thing that Cameron could want out of this case is for Vestavia Hills to win. Obviously, the two parties' interests are identical or at least materially so." Id. at 1314 (emphasis added). The court further stated that "the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party." Id.

Conversely, in Gulf Hauling & Construction, Inc. v. QBE Insurance Corp., CA 2:13-00083-C, 2013 WL 2179278 (S.D. Ala. May 20, 2013), the court observed that

> [i]n cases like Vestavia Hills . . . where a state-court judgment has already been entered, it is easy to honor the maxim that, "in determining the subject matter jurisdiction on the basis of diversity, the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party."

Id. at *4 (quoting Vestavia Hills, 676 F.3d at 1314). However, the court held that such an alignment was not necessarily required where the underlying state action is pending. To determine the proper alignment of the parties, the court examined the relief requested, which was for an order and

6

judgment declaring, in part, that the insurer owed a duty to indemnify the insured for any judgments issued against it in the underlying action and a continuing duty to defend the insured in the underlying lawsuit. Id. at *6. Because the underlying state action was still pending, the court determined that the indemnity question was not yet ripe. Id.; see also id. at *6, n.10 ("There is abundant support in the case law for the proposition that an insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit.") (quotations and citations omitted); Grange Mut. Cas. Co. v. Dasher, 6:12-CV-63, 2013 WL 85244, *6 (S.D. Ga. Jan. 7, 2013) (declining to decide a question of coverage because, in a declaratory judgment action, "[s]hould the defendants in [the underlying] case prevail, any decision by this Court on the issue of coverage would be moot and a waste of judicial resources. And wasteful this Court will not be.").

As noted in Gulf Hauling, whether or not the underlying action is ongoing matters because it highlights which duty sought under the declaratory judgment action—the duty to indemnify or the duty to defend—is the "primary and controlling matter in the dispute." Where the primary and controlling matter is strictly a question of coverage, injured parties are usually realigned with the insureds. See, e.g., Vestavia Hills, 676 F.3d

7

at 1314 ("[T]he normal alignment of parties in a suit seeking a declaratory judgment *of non-coverage* is Insurer versus Insured and Injured Party.") (emphasis added). But where the primary and controlling issue is the insurer's duty to defend, the insured's and the injured party's interests may no longer be aligned. See, e.g., Sinclair v. Auto-Owners Ins. Co., 22 F. Supp. 3d 1257, 1262 (N.D. Ga. 2014) (where issue of duty to indemnify was premature because underlying case was ongoing, the injured parties "have no interest in having [the insurer] provide a defense to Plaintiffs in the Underlying Action—indeed, Defendants . . . have adverse interests to Plaintiffs in that action and would probably prefer that Defendant [insurer] not provide Plaintiffs with a defense in that case."); Smith v. Catlin Ins. Co., 7:12-cv-04070, slip op. at 2 (N.D. Ala. Feb. 13, 2013) (where there was no final judgment in the underlying case, injured party had no interest in the insurer defendants providing plaintiffs with a defense to the injured party's claims against them in the underlying case).

Thus, there is a line of case law suggesting that, on removal, where an insured seeks declarations for both a duty to defend and a duty to indemnify when there is no final judgment in the underlying case, the question of the insurer's duty to indemnify is premature. This renders the question of the insurer's duty to defend as the "primary and controlling

8

matter," on which injured parties and insureds usually have adverse interests and should thus be placed on opposite sides of the "v.".

Defendant Catlin has produced some cases, though, reaching a different conclusion. In La Shangrila, Inc. v. Hermitage Insurance Co., 2007 WL 2330912 (M.D. Fla. Aug. 13, 2007), the court realigned the parties in a case seeking a declaration for both a duty to defend and a duty to indemnify. Id. at *2. However, when conducting its "principal purpose" analysis, the court only mentioned the duty to indemnify and said nothing about either the duty to defend or whether the ongoing nature of the underlying suit rendered the indemnity question premature. Id. Thus, without any explanation of how it reached its conclusion, La Shangrila does not help this Court decide the motion to realign at issue here. Similarly, the court in Earnest v. State Farm Fire and Casualty Co., 475 F. Supp. 2d 1113 (N.D. Ala. 2007), realigned the parties in a declaratory judgment action seeking a declaration on both the insurer's duty to defend and duty to indemnify the insured. Id. at 1117. But it also reached that conclusion without any discussion of what was the principal purpose of the case or whether the question of indemnity was ripe. Id. And finally, while the court in Great West Casualty Co. v. Firstfleet, Inc., CA 2:12-00623, 2013 WL 4165715 (S.D. Ala. July 18, 2013), held that an insured and

9

AO 72A (Rev. 8/82)

injured party should be aligned together even despite the insured's claim for duty to defend against the insurer, that case is distinguishable from the present case because it was not a removal case, and thus did not scrutinize the alignment issue as carefully as is required when the court's subject matter jurisdiction is in question.

Here, Plaintiff Pearson's declaratory judgment complaint seeks both a declaration of Defendant Catlin's duty to defend and duty to indemnify Pearson in the underlying state court lawsuit. Because there is no final judgment, the issue of Catlin's duty to indemnify Pearson is premature, and the primary and controlling question is that of Catlin's duty to defend Pearson.

Defendant Catlin argues that Defendant Griffis's interests are not aligned with Plaintiff Pearson's on the duty to defend issue because Pearson has obtained and is funding his own defense in the underlying suit. To Griffis, Catlin argues, it hardly matters who is writing the checks to Pearson's defense counsel. This argument fails for two reasons. First, Plaintiff Pearson argues that he is simply a small business owner who does not have the funds to bankroll protracted litigation. If this is true, then Griffis, like the injured parties in Sinclair and Smith v. Catlin, would have no interest in seeing Pearson's defense bolstered by Catlin's deep pockets. Under this scenario,

10

then, Griffis's interests are not substantially aligned with Pearson's. And second, to the degree that one can only speculate regarding whether or not Pearson and Griffis's interests might be aligned on the question of Catlin's duty to defend Pearson, this Court is required to resolve all doubts about jurisdiction in favor of remand to state court, and it is Catlin's burden to show that federal jurisdiction is proper. See Vestavia Hills, 676 F.3d at 1313; Triggs, 154 F.3d at 1287 n.4. Defendant Catlin's mere suggestion that Plaintiff Pearson's defense in the underlying lawsuit will continue unfazed without Catlin's financial backing neither satisfies this burden nor removes all doubt that that federal jurisdiction is appropriate in this case.

Thus, Defendant Griffis's and Plaintiff Pearson's interests are not aligned on the issue of Defendant Catlin's duty to defend Pearson in the underlying suit, and the Court therefore **DENIES** Defendant Catlin's Motion to Realign the Parties (Dkt. no. 5). Because Defendant Griffis and Plaintiff Pearson are both Georgia residents, there is no diversity of citizenship, and the Court must **GRANT** Plaintiff Pearson's Motion to Remand to Ware County Superior Court (Dkt. no. 41). The remaining issues of Catlin's Motion to Dispense of the Bond Requirement (Dkt. no. 6), Catlin's Motion to Strike Pearson's Amended Complaint (Dkt. no. 12), and Pearson's Motion for Leave to Amend his Complaint

(Dkt. no. 40) will be decided by the Ware County Superior Court Judge. The Clerk of Court is directed to **REMAND** the case to the Superior Court of Ware County.

**SO ORDERED**, this 17TH day of March, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)